UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LIRIDON GASHI,

                        Petitioner,

    -against-                                         9:22-CV-01323 (LEK/ML)

A. MONTAGARI,

                        Respondent.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Petitioner Liridon Gashi seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1. ("Petition"). On March 8, 2023, the Court issued an Order granting Petitioner thirty days to file an amended pleading to cure the deficiencies in his prior Petition. Dkt. No. 5 ("March 2023 Order").

Petitioner failed to comply with the March 2023 Order, and instead filed a motion to stay this action. Dkt. No. 6. The Court denied the stay and provided Petitioner with a second, and final, chance to file an amended petition outlining (1) the conviction he is challenging, (2) the specific facts supporting each alleged constitutional violation, and (3) how Petitioner has exhausted, or been precluded from exhausting, his administrative remedies. Dkt. No. 7 ("April 2023 Order") at 3–4.

Petitioner timely filed an amended petition in compliance with the April 2023 Order. Dkt. No. 8 ("Amended Petition"). For the reasons that follow, the Amended Petition is dismissed without prejudice as premature and unexhausted.

## II. PETITION

Petitioner challenges a 2022 conviction from Albany County based upon a guilty plea of third-degree attempted burglary. Am. Pet. at 1–2. Petitioner has not directly or collaterally challenged his criminal conviction in state court. Id. at 2–10, 12.

Petitioner provides several reasons for his failure to exhaust. See id. at 6, 7, 9, 12. Specifically, Petitioner asserts that (1) "it is an oximoron [sic] to appeal to a court that is corrupt in nature [that does] as [it] please[s] and do[es] not abide by any [state criminal procedural] law, legislative order, or [the] US Constitution," id. at 6; (2) "[t]he court is corrupt and . . . lawless [so] there is no appeal for a crime committed by the same court," id. at 7; and (3) "a federal investigation [is required] . . . to expose the facts [of the court's corruptness] and press federal charges," id. at 9.

Petitioner alleges that he is entitled to federal habeas relief because (1) his Due Process Rights were violated by the purportedly fraudulent crime committed by the state court when it failed to present Petitioner's criminal case to a grand jury, id. at 5–7; (2) his trial counsel was constitutionally ineffective for "conspir[ing] with [the] court to commit a federal crime," id. at 7–8; (3) the county court lacked jurisdiction over the case because "no grand jury indictment . . . waiver [was] signed," id. at 8–10; and (4) Petitioner is incarcerated in "violation of [the] Anti-Terrorist Act of the United States," id. at 10–11.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a state inmate "has exhausted the remedies available in the courts of the State" unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement under § 2254, a state inmate must "rais[e] his federal claim before the state courts in accordance with state procedures." Shinn v. Ramirez, 142 S. Ct. 1718, 1732 (2022) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Additionally, a state inmate must also "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). In other words, a state inmate "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (e.g., where there is no further state proceeding for a Petitioner to pursue) or circumstances exist that render that state court process ineffective to protect Petitioner's rights (e.g., where further pursuit would be futile). See 28 U.S.C. § 2254(b) (1)(B)(i), (ii); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000).

"In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." Galdamez v. Keane, 394 F.3d 68, 74 (2d Cir. 2005). "New York permits only one application for direct review[.]" Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 170 (2d Cir. 2000); see also Roa v. Portuondo, 548 F. Supp. 2d 56, 78 (S.D.N.Y. 2008) ("[A] criminal defendant is entitled to only one direct appeal and one application for leave to appeal to the Court of Appeals.") (citing N.Y. Crim. Pro. § 450.10(1)).

3

Here, Petitioner concedes that he has failed to file a direct appeal challenging his conviction. However, New York Criminal Procedure Law provides for a thirty (30) day deadline to directly appeal a criminal sentence. See N.Y. Crim. Pro. Law § 460.30(1). At the same time, this statutory provision also allows for an extension, up to one year, if the applicant demonstrates cause for the delay including "improper conduct of a public servant or improper conduct . . . of the [Petitioner's] attorney[.]" Id.; see also Cano v. Walsh, 170 Fed. App'x 749, 750 (2d Cir. 2006) (explaining that "[t]he time afforded by New York law for filing a leave application . . . [includes] 30 days from service of the order plus a one-year grace period.") (internal quotation marks and citations omitted).

Petitioner's sentence was entered on September 9, 2022; therefore, he has approximately four months, or until September 11, 2023, to timely file his application for a late notice of appeal. Further, given Petitioner's allegations of corruption, misconduct, and collusion between the judicial system and his attorney, it appears that Petitioner raises issues that would permit a late notice being granted. Accordingly, Petitioner has state court corrective processes available to him.

Furthermore, Petitioner's assertion that the statutory exhaustion prerequisite does not apply to him because he does not trust the state courts is unpersuasive. There are limited instances where the exhaustion requirement can be waived. See 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii). But "conclusory allegations of systematic corruption . . . do not warrant excusing § 2254's exhaustion requirement." Burke v. Pallito, No. 12-CV-0197, 2013 WL 496150, at *4 (D. Vt. Jan. 18, 2013) (internal quotation marks omitted) (citing cases). "It is well established that a Petitioner may not bypass state courts merely because they may be unreceptive to the claim."

Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

In sum, Petitioner has state court remedies available to him and there is no reason to believe he does not know how to pursue them. Therefore, it is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition. Accordingly, if Petitioner wishes to move forward with all the claims presently included in his petition, he may not do so until he has properly exhausted them. 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); O'Sullivan, 526 U.S. at 845.

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after Petitioner's claims are exhausted in state court, will be jeopardized by AEDPA's statute of limitations. AEDPA's one-year limitations period generally begins to run from the date on which a state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1)(A). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); Saunders, 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. Saunders, 587 F.3d at 548.

If Petitioner successfully applies for, and receives, a late notice of appeal, Petitioner's limitation period would not begin running until his conviction was final, which would occur at the conclusion of Petitioner's direct appeal and any properly filed appeal therefrom. See 28 U.S.C. § 2244(d)(1)(A). Moreover, if the late notice for the direct appeal is denied, any properly filed collateral challenge to the criminal conviction would toll the statutory limitations period.

Finally, if Petitioner's late notice to appeal is denied and he fails to collaterally challenge his conviction, any subsequently filed habeas petition must be filed on or before October 10, 2023, which still leaves nearly five months in the presently running limitations period.

Petitioner is advised that in the event he continues to assert unexhausted claims in a subsequent petition, this Court must consider such claims procedurally defaulted. See Aparicio v. Artus, 269 F.3d 78, 90 (2d Cir. 2001) (explaining that a futile claim must be deemed both exhausted and procedurally barred, leaving them classified as procedurally defaulted) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Procedurally defaulted claims must be dismissed unless "the petitioner [can] show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., that the Petitioner is actually innocent)." Id. (citing Coleman, 501 U.S. at 748–50). If Petitioner were to assert such claims, along with arguments of cause and prejudice, and the Court did not find those arguments meritorious, the dismissal due to procedural default would be considered a "disposition . . . on the merits . . . mean[ing] that any future presentation of the claim would be a second or successive habeas petition, requiring authorization by [the appropriate federal] Court [of Appeals] pursuant to 28 U.S.C. § 2244(b)(3)(A)." Id. (citations omitted).

### IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Petition, (Dkt. No. 8), is **DISMISSED without prejudice** as premature for failure to exhaust available state court remedies; and it is further

**ORDERED**, that no certificate of appealability ("COA") shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right"

pursuant to 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the U.S. Court of Appeals for the Second Circuit (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk is directed to serve a copy of this Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 23, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge